# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-00110-01-CR-W-DGK |
| | ) | |
| TRAE L. WINN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REGARDING PRO SE MOTION FOR COPY OF FILE

Pending before the Court are letters from the Defendant (docs. 108 and 110) which the Court construes as a pro se motion to order defense counsel to provide Defendant with a complete copy of his case file, or, in the alternative, order the Clerk of the Court to provide Defendant with a copy of his case file. Defendant ostensibly seeks a copy of his case file so he can began preparing his petition for a writ of habeas corpus under 28 U.S.C. § 2255.

In his response (doc. 109), defense counsel recognizes that the case file belongs to his client and that he is ethically required to provide it. Defense counsel is an experienced member of the bar who was aware that the Government often opposes incarcerated defendants being given unrestricted access to discovery and did not wish to provide the file to his client before the United States had an opportunity to respond.[1]

In its response (doc. 111), the United States requests that the motion be denied, arguing that Defendant's direct appeal is pending, and that until Defendant files a § 2255 motion, any request for discovery, transcripts, or other documents is premature. The Government cites several cases in support. *United States v. Gleason*, 753 F.2d 83, 85 (8th Cir. 1985) (holding

---

[1] The Court appreciates counsel's professionalism in this matter by giving the Government an opportunity to be heard.

district court lacks jurisdiction to order the government to provide discovery when no action is pending before the court); *United States v. Losing*, 601 F.2d 351, 352 (8th Cir. 1979) (holding "any request for a free transcript prior to the filing of a section 2255 complaint is premature"); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995).

In a supplemental response (doc. 113) defense counsel notes that on December 9, 2010, the Court of Appeals for the Eighth Circuit issued its decision affirming the conviction. Counsel reports he has advised his client that he will promptly provide him with the case file upon the judgment becoming final, i.e., upon the lapse of 90 days in the event the motion for rehearing en banc is denied, provided the Court authorizes counsel to do so.

As a threshold matter it is unclear whether the Court possesses jurisdiction to order defense counsel to do anything here. Although the Eighth Circuit issued its opinion on Defendant's direct appeal, it has not issued the mandate, thus the Court has not recovered jurisdiction in this case. The Court is also uncertain whether it can order defense counsel to provide or withhold a case file from his client pursuant to some other power, such as its inherent authority to regulate the conduct of attorneys who appear before it.

Additionally the Court notes the cases cited by the Government concern whether a district court can order the *Government* to provide post-conviction discovery to a defendant when a § 2255 motion is not pending. But the situation here is not analogous. The Defendant has not asked for discovery, he has asked the Court to order defense counsel to give him a copy of his own case file, something defense counsel recognizes he is ethically required to provide upon a timely request. The cited cases do not suggest that the district court (or the Government) has the power to prevent defense counsel from granting a client's timely request for his own case file.

The Court requests the Government file a supplemental brief addressing whether in this particular case the Court can and should order defense counsel to withhold the case file from his client. This brief should not exceed ten pages and should be filed on or before January 28, 2010.

**IT IS SO ORDERED.**

Date:  January 13, 2010                          /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT